UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
MARK ACCARDI, MARC LAMBERT, and                    16-CV-3861
ERIC TRUBY, individually and on behalf of all other
persons similarly situated,

                                                          **CLASS ACTION COMPLAINT**

                        Plaintiffs,

                                                           **JURY TRIAL DEMANDED**

      -against-

HONEYWELL INTERNATIONAL INC.

                           Defendants.
-----------------------------------------------------------------X

       Plaintiffs, on behalf of the putative class by their attorneys, Beranbaum Menken LLP, allege as follows:

## PRELIMINARY STATEMENT

1. This action is brought on behalf of the plaintiffs, and a putative class of laborers, workmen and mechanics who furnished labor to Defendant Honeywell International Inc. (hereinafter "Honeywell" or "Defendant"), and/or any other entities affiliated with or controlled by Defendants on public works projects. Plaintiffs seek to recover New York State mandated "prevailing wages" which they and members of the putative class were entitled to receive for work they performed on the public works projects but did not receive. Plaintiffs also seek to recover underpaid overtime pay caused by Defendant's failure to pay such overtime at one and a half times the required prevailing wage rate, in violation of the New York Labor Law ("NYLL") and the Fair Labor Standards Act ("FLSA").

2. Plaintiffs bring this action on behalf of themselves and a class of similarly situated

current and former employees of Defendants pursuant to Fed. R. Civ. P. 23, for third party beneficiary breach of contract claims arising from Defendant's failure to pay prevailing wages as mandated by NYLL § 220.

3. Plaintiffs also bring a collective action on behalf of themselves and all similarly situated current and former employees pursuant to the FLSA, 29 U.S.C. § 216(b), to remedy violations of the overtime provisions of the FLSA .

## PARTIES

4. Plaintiff Mark Accardi is a former employee of Honeywell who resides in Elba, New York.

5. Plaintiff Marc Lambert is a current employee of Honeywell who resides in Uxbridge, Massachusetts.

6. Plaintiff Eric Truby is a former employee of Honeywell who resides in Rochester, New York.

7. The named Plaintiffs and the other members of the putative Rule 23 class are individuals who are laborers, workmen or mechanics as defined by Article 8 of the New York Labor Law, and who worked on public works, pursuant to contracts between Honeywell and/or other subsidiaries, affiliates and joint ventures of this entity, and the State of New York, a public benefit corporation, municipal corporation, or a commission appointed pursuant to law.

8. Defendant Honeywell International Inc. is a Delaware corporation with its headquarters in Morris Plains, New Jersey.

9. Honeywell maintains district offices in the State of New York in Albany, Lake Success, Rochester and Syracuse.

## JURISDICTION AND VENUE

10. This Court also has jurisdiction pursuant to 28 U.S.C. § 1332(d), as this is a class action in which the named Plaintiffs and the Defendant are citizens of different states, there are at least 100 class members, and the amount in controversy exceeds $5,000,000.

11. This Court also has jurisdiction over the Plaintiffs' FLSA claims pursuant to 29 U.S.C. § 216(b).

12. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) in that a substantial part of the unpaid prevailing wage work subject to this lawsuit took place in this district.

## CLASS ALLEGATIONS

13. This action is properly maintainable as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

14. This action is brought on behalf of Plaintiffs and a class consisting of all laborers, workmen and mechanics who performed work for Honeywell on public works projects from May 24, 2010 to the entry of judgment in this case (the "class" and "class period," respectively).

15. The persons in the class identified above are so numerous that joinder of all members is impracticable. Upon information and belief, in each of the four New York district offices there are approximately 25 field employees who worked at public projects at any given time; when employee turnover is considered the number of class members is well over 100.

16. There are questions of law and fact common to the class which predominate over any questions affecting only individual members. Those questions include, *inter alia*, whether the class members are entitled to New York State prevailing wages for the public work they performed, what prevailing wage rate applies to the work the class members performed; and

whether Honeywell paid plaintiffs and the putative class the prevailing rates of wages and supplements due them and all workers furnishing labor on the sites of the public works projects..

17. The claims of the named Plaintiffs are typical of the claims of the putative class.

18. Plaintiffs and their counsel will fairly and adequately protect the interests of the class.

19. A class action is superior to other available methods for the fair and efficient adjudication of the controversy. This is particularly true in the context of wage and hour litigation where individual plaintiffs may lack the financial resources to vigorously prosecute a lawsuit against large corporate defendants such as Honeywell.

## COLLECTIVE ACTION ALLEGATIONS

20. Plaintiffs bring their FLSA claims on behalf of themselves and all similarly situated persons who work or have worked for Defendants on public works projects at any point over after May 24, 2013, and who did not receive minimum wages and/or overtime pay for all hours worked in excess of forty in the work week at the rate of one and one-half times the applicable prevailing wage rate.

21. Defendant is liable under the FLSA for, *inter alia*, failing to properly compensate Plaintiffs, and as such, notice should be sent to all others similarly situated. There are numerous similarly situated current and former employees of Defendant who have been similarly underpaid in violation of the FLSA and who would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join.

## FACTS

22. Honeywell provides integrated fire alarm, security systems, and building control systems to

both public and private customers. Honeywell designs, engineers, and installs such as well as providing inspection, testing and maintenance services on those systems.

23. All of the fire alarm, security, and building control systems work Honeywell provides to public customers is subject to prevailing wages under New York law.

24. During the class period, Honeywell entered into certain contracts, as either a subcontractor or prime contractor, with the State of New York, public benefit corporations, municipal corporation, or commissions appointed pursuant to law, or with prime contractors not currently known, to furnish labor, material and equipment to perform work on these public works projects.

25. The public works contracts, as a matter of fact or by operation of law, required that Honeywell pay and ensure payment of the prevailing rates of wages and supplements to all workers furnishing labor on the sites of the public works projects, including their direct employees and all other persons furnishing labor on the sites of the public works projects.

26. The public works contracts also provided, as a matter of fact or by operation of law, that any subcontracts that Honeywell entered into contain language requiring the payment of prevailing rates of wages and supplements to all workers furnishing labor on the sites of the public works projects.

27. As required by law, a schedule containing prevailing rates of wages and supplemental benefits ("prevailing wage schedule") to be paid to the plaintiff class should have been annexed to and formed a part of the public works contracts. If not annexed to the public works contracts, these schedules were expressly or impliedly incorporated into the contracts as a matter of law and/or public policy.

28. The promise to pay and ensure payment of the prevailing wage and supplemental benefit

rates in the public works contracts was made for the benefit of all workers furnishing labor on the sites of the public works projects and, as such, the workers furnishing labor on the sites of the public works projects are the beneficiaries of that promise and the contracts entered into between Honeywell and government agencies.

29. In furtherance of the public works contracts entered into by Honeywell, Plaintiffs and other members of the putative class performed various types of electrical work including, *but not limited to*, installing, maintaining, inspecting, testing, repairing and/or replacing fire alarm, building controls, and security system equipment.

30. Upon information and belief, for all work performed by plaintiffs and other members of the putative class for Honeywell on public works projects, Honeywell willfully paid Plaintiffs and other members of the putative class less than the prevailing rates of wages and supplements to which they were entitled.

31. During the period of time for which Plaintiffs and the members of the putative class performed work on the public works projects, Honeywell also failed to ensure payment of the prevailing rates of wages and supplements to which Plaintiffs and other members of the putative class were entitled.

32. Although Honeywell made some "make good" payments to class members for past prevailing wage work, those payments were inadequate to compensate for the underpaid prevailing wages and benefits. Upon information and belief, those payments were only made for some of the prevailing wages owed for work done after January 1, 2013.

34. Plaintiff Mark Accardi worked out of the Rochester, NY district office. He performed installation, service, and inspection work for Honeywell public customers throughout the state of

New York, including but not limited to Green Haven Correctional Facility, Bare Hill Correctional Facility, Riverview Correctional Facility, and State University of New York - Binghamton.

35. After performing work on public projects, Mr. Accardi would receive his regular rate of pay each pay period, which was less than the required prevailing wages and benefits for the public work. Mr. Accardi subsequently received "make-good" payments for the prevailing wages due for some of the public work, but those payments did not cover all that he was owed.

36. Plaintiff Marc Lambert worked out of the Canton, Massachusetts district office. He performed installation, service, and inspection work for Honeywell public customers throughout the state of New York, including but not limited to Bare Hill Correctional Facility, Cape Vincent Correctional Facility, Riverview Correctional Facility, and Gourvenuer Correctional Facility.

37. After performing work on public projects, Mr. Lambert would receive his regular rate of pay each pay period, which was less than the required prevailing wages and benefits for the public work. Mr. Lambert subsequently received "make-good" payments for the prevailing wages due for some of the public work, but those payments did not cover all that he was owed.

38. Plaintiff Eric Truby worked out of the Rochester, NY district office. He performed installation, service, and inspection work for Honeywell public customers throughout the state of New York, including but not limited to State University of New York - Binghamton and the New York Thruway rest stops in Sloatsburg, Ramapo, Ulster, Plattekill, Malden, and New Baltimore.

39. After performing work on public projects, Mr. Truby would receive his regular rate of pay each pay period, which was less than the required prevailing wages and benefits for the public work. Mr. Truby subsequently received "make-good" payments for the prevailing wages due for

some of the public work, but those payments did not cover all that he was owed.

40. Plaintiffs and the proposed class were employed by Defendant in an enterprise that has employees selling, handling, or otherwise working on goods or materials that have been moved in or produced for interstate commerce and has annual gross revenue of more than $500,000.

41. When Plaintiffs and the proposed class worked more than 40 hours in a given week, and those hours included public work which should have been paid at the applicable prevailing wage rate, Plaintiffs and the proposed class' overtime premium was not based on the applicable prevailing wage rate, but rather on their regular rate of pay.

## FIRST CAUSE OF ACTION

## BREACH OF CONTRACT

42. Plaintiffs repeat and reallege the allegations contained in paragraphs 1 through 41 herein.

43. Upon information and belief, the public works contracts entered into by Honeywell contained, as a matter of fact or by operation of law, schedules of the prevailing rates of wages and supplemental benefits to be paid Plaintiffs and the other members of the putative class.

44. Those prevailing rates of wages and supplemental benefits were made a part of the public works contracts for the benefit of the Plaintiffs and the other members of the putative class.

45. Honeywell breached the public works contracts by failing to pay Plaintiffs and the other members of the putative class the prevailing rates of wages and supplemental benefits for all labor performed upon the public works projects.

46. As a result of its breach of the public works contracts, Honeywell is liable to Plaintiffs and the other members of the putative class for the value of the prevailing wages, supplements, and

interest.

## SECOND CAUSE OF ACTION (Pled in the Alternative)

## QUANTUM MERUIT

47. Plaintiffs repeat and reallege the allegations contained in paragraphs 1 through 46 herein.

48. Plaintiffs and the other members of the putative class have performed numerous and valuable services at the request and for the benefit of Honeywell. Plaintiffs and the other members of the putative class were not paid the reasonable value of those services.

49. As a result, Honeywell is liable to Plaintiffs and the other members of the putative class for the reasonable value of those services, less the non-prevailing wages already paid, plus interest.

## THIRD CAUSE OF ACTION (Pled in the Alternative)

## UNJUST ENRICHMENT

50. Plaintiffs repeat and reallege the allegations contained in paragraphs 1 through 40 herein.

51. Plaintiffs and members of the putative class have performed a significant amount of work for which they have not been properly paid.

52. When Honeywell entered into the public works contracts, it agreed, as a matter of fact or by operation of law, to pay the required prevailing wage, overtime and supplemental benefit rates of pay to Plaintiffs and members of the putative class.

53. Upon information and belief, the amounts paid to Honeywell by the public customer for labor performed by Plaintiffs and members of the putative class was based on the higher prevailing, overtime and supplemental benefit rates, which Honeywell did not pay.

54. As a result of this failure to pay said wages, Honeywell was unjustly enriched for work and

services performed by Plaintiffs and members of the putative class.

## FOURTH CAUSE OF ACTION

## NEW YORK LABOR LAW OVERTIME

55. Plaintiffs repeat and reallege the allegations contained in paragraphs 1 through 54 herein.

56. Honeywell violated New York Labor Law Sec. 655 and 12 NYCRR 142-3.2 by failing to pay Plaintiffs and the other members of the putative class one and a half times the required prevailing wages for the hours worked greater than 40 in a week.

57. This failure to pay overtime at the statutorily-required rate was willful.

58. As a result, Honeywell is liable to Plaintiffs and the other members of the putative class in an amount to be determined for unpaid overtime, interest and attorneys' fees.

## FIFTH CAUSE OF ACTION

## FLSA OVERTIME

59. Plaintiffs repeat and reallege the allegations contained in paragraphs 1 through 54 herein.

60. Honeywell violated the FLSA, FLSA, 29 U.S.C. § 207(a)(1).by failing to pay Plaintiffs and the other members of the putative class one and a half times the required prevailing wages for the hours worked greater than 40 in a week.

61. This failure to pay overtime at the statutorily-required rate was willful.

62. As a result, Honeywell is liable to Plaintiffs and the other members of the putative class in an amount to be determined for unpaid overtime, interest, liquidated damages, and attorneys' fees.

WHEREFORE, Plaintiffs, individually and on behalf of all others similarly situated, pray for the following relief:

a. That, at the earliest possible time, Plaintiffs be permitted to give notice of this collective action, or that the Court issue such notice to all persons who are presently, or have at any time during the three years immediately preceding the filing of this suit, up through and including the date of this Court's issuance of court-supervised notice, been employed by Defendant in its Honeywell Building Solutions business unit in the State of New York. Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied proper hourly compensation and overtime wages;

b. Certification of this case as a class action pursuant to Fed. R. Civ. P. 23;

c. Designation of the named Plaintiffs as class representatives and counsel of record as class counsel;

d. Issuance of a declaratory judgment that the practices complained of herein are unlawful under the FLSA and NYLL and a permanent injunction against Defendants' continued engagement in such practices;

e. On their first cause of action, against defendant Honeywell, in an amount to be determined by a jury, plus interest;

f. On their second cause of action, against defendant Honeywell, in an amount to be determined by a jury, plus interest;

g. On their third cause of action, against defendant Honeywell, in an amount to be determined by a jury, plus interest;

  h. On their fourth cause of action, against defendant Honeywell, in an amount to be determined by a jury, plus attorneys' fees and interest;

  i. On their fifth cause of action, against defendant Honeywell, in an amount to be determined by a jury, plus attorneys' fees, liquidated damages and interest; and

  j. Such other and further relief as the Court may deem just and proper.

Dated: New York, New York
   May 24, 2016

            BERANBAUM MENKEN LLP

        By: ____/s/_____
           Jason J. Rozger
           80 Pine Street, 33rd Floor
           New York, NY 10005
           (212) 509-1616