USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:  4/6/2018

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
MARK ACCARDI, MARC LAMBERT, and
ERIC TRUBY, individually and on behalf of all other
persons similarly situated,    16-CV-3861 (SDA)

Plaintiffs,

-against-

HONEYWELL INTERNATIONAL INC.

Defendants.
-------------------------------------------------------------------X

## ORDER PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT

WHEREAS, the Plaintiffs and Defendant have entered into a Settlement Agreement; and

WHEREAS, the Settlement Agreement, together with supporting materials, sets forth the terms and conditions for a proposed settlement and dismissal with prejudice of this action; and

WHEREAS, the Court has before it the parties' Motion for Preliminary Approval of Settlement and Memorandum in Support of Motion for Preliminary Approval of Settlement, together with the Settlement Agreement and supporting materials; and

WHEREAS, the Court is satisfied that the terms and conditions set forth in the Settlement Agreement were the result of good faith, arm's length settlement negotiations between competent and experienced counsel for both Plaintiffs and Defendant;

**IT IS HEREBY ORDERED AS FOLLOWS:**

1.  Capitalized terms used in this Order have the meanings assigned to them in the Settlement Agreement and this Order.

2.	The terms of the parties' Settlement Agreement are hereby conditionally approved, subject to further consideration thereof at the Final Approval Hearing provided for below.[1]  The Court finds that said settlement is sufficiently within the range of reasonableness and that notice of the proposed settlement should be given as provided in this Order.

3.	Pursuant to Fed R. Civ. P. 23 the Court conditionally certifies the following settlement class:

> All persons who, at any time from May 24, 2010 to March 23, 2018, performed work on behalf of Honeywell on public projects in the State of New York and were not paid prevailing wages for all or some of such work and who are identified in the Class Damages Table annexed to the Settlement Agreement.

4.	The Court approves the Class Notice of Settlement attached hereto as Exhibit A.[2] The Court also approves the Notice Program as set forth in Section IV of the Settlement Agreement.

*Notice to Settlement Class and Appointment of Settlement Administrator*

5.	Counsel for the Class ("Class Counsel") are as follows:

> Jason J. Rozger, Esq.
> John Beranbaum, Esq.
> BERANBAUM MENKEN LLP
> 80 Pine Street, 33rd Floor
> New York, NY 10005
> Telephone (212) 509-1616
> Facsimile (212) 509-8088

6.	Beginning no later than ten (10) days from the date of this Order, Class Counsel shall cause to be disseminated the notices, substantially in the form attached as Exhibits A hereto, in the manner set forth in Section IV of the Settlement Agreement.  Such Notice Program will be completed expeditiously pursuant to the terms of the Settlement Agreement.  Class members will have 45 days from the Notice Date to opt out or to file objections to the settlement.  Prior to the Final Approval Hearing, Plaintiffs and/or the Claims Administrator shall serve and file a sworn statement attesting to compliance with the provisions of this paragraph.

---

[1] The Court notes that there is a clerical error regarding the amount of Class Counsel fees in Paragraph 35(a) of the settlement agreement (twice referring to fees in the amount of "One Hundred and Forty Thousand Dollars," instead of $175,000 as set forth elsewhere in the agreement) and directs the parties to fix this error.

[2] The attached Notice has been edited by the Court to correct minor errors in dates and Court information.

7. The notice to be provided as set forth in the Settlement Agreement is hereby found to be the best practicable means of providing notice under the circumstances and, when completed, shall constitute due and sufficient notice of the proposed settlement and the Final Approval Hearing to all persons and entities affected by and/or entitled to participate in the settlement, in full compliance with the notice requirements of Fed. R. Civ. P. 23, due process, the Constitution of the United States, the laws of New York and all other applicable laws. The Notices are accurate, objective, informative and provide Class members with all of the information necessary to make an informed decision regarding their participation in the Settlement and its fairness.

*Requests for Exclusion from the Settlement Class*

8. Any member of the Settlement Class who wishes to be excluded ("opt out") from the Settlement Class must send a written Request for Exclusion to Class Counsel, so that it is received by the Settlement Administrator at the address indicated in the Notice on or before the close of the opt out period. The Request for Exclusion shall fully comply with the requirements set forth in the Settlement Agreement. Members of the Settlement Class may not exclude themselves by filing Requests for Exclusion as a group or class, but must in each instance individually and personally execute a Request for Exclusion and timely transmit it to the Settlement Administrator.

9. Any member of the Settlement Class who does not properly and timely request exclusion from the Settlement Class shall be bound by all the terms and provisions of the Settlement Agreement, whether or not such person objected to the Settlement and whether or not such person made a claim upon, or participated in, the Settlement Fund pursuant to the Settlement Agreement.

10. Class Counsel are authorized to retain Settlement Services, Inc. PO Drawer 1657,

Tallahassee, Florida 32302 as Settlement Administrator in accordance with the terms of the Settlement Agreement and this Order.

*The Final Approval Hearing*

11.  A hearing on final settlement approval (the "Final Approval Hearing") is hereby scheduled to be held before this Court on Monday, June 18, 2018, at 10 a.m., to consider the fairness, the reasonableness, and adequacy of the proposed settlement, the dismissal with prejudice of this class action with respect to Honeywell International Inc., and the entry of final judgment in this class action.  Class Counsel's application for award of attorney's fees and costs shall be heard at the time of the fairness hearing.

12.  The date and time of the Fairness Hearing shall be set forth in the Notice, but the Fairness Hearing shall be subject to adjournment by the Court without further notice to the members of the Settlement Class other than that which may be posted by the Court. Class Counsel will advise members of the settlement class of any scheduling issues by way of the settlement website.

13.  Any person who does not elect to be excluded from the Settlement Class may, but need not, enter an appearance through his or her own attorney.  Settlement Class members who do not enter an appearance through their own attorneys will be represented by Class Counsel.

14.  Any person who does not elect to be excluded from the Settlement Class may, but need not, submit comments or objections to the proposed Settlement.  Any Class member may object to the proposed Settlement, entry of Final Order and Judgment approving the settlement, and Class Counsel's application for fees and expenses by serving a written objection.

15.  Any Class member making the objection (an "objector") must sign the objection personally.  An objection must state why the objector objects to the proposed Settlement and

provide the basis to support such position. If an objector intends to appear personally at the Fairness Hearing, the objector must include with the objection a notice of the objector's intent to appear at the hearing.

16. Objections, along with any notices of intent to appear, must be filed no later than 60 days from the Notice Date. If counsel is appearing on behalf of more than one Class Member, counsel must identify each such Class Member and each Class Member must have complied with the requirements of this Order. These documents must be filed with the Clerk of the Court at the following address:

Clerk of the Court
U.S. District Court for the Southern District of New York
500 Pearl Street
New York, NY 10007

17. Objections, along with any notices of intent to appear, must also be mailed to Class Counsel and counsel for Defendant at the address listed below:

**CLASS COUNSEL**

    Jason J. Rozger, Esq.
    BERANBAUM MENKEN LLP
    80 Pine Street, 33rd Floor
    New York, NY 10005
    Telephone (212) 509-1616
    Facsimile (212) 509-8088

**DEFENSE COUNSEL**

    Philip K. Davidoff
    FordHarrison LLP
    60 East 42nd Street, 51st Floor
    New York, NY 10165
    Telephone (212) 453-5915

18. Only Class Members who have filed and served valid and timely notices of objection shall be entitled to be heard at the Fairness Hearing. Any Class Member who does not timely

file and serve an objection in writing to the Settlement, entry of Final Judgment, or to Class Counsel's application for fees, costs, and expenses, in accordance with the procedure set forth in the Class Notice and mandated in this Order, shall be deemed to have waived any such objection by appeal, collateral attack, or otherwise.

19. Persons wishing to be heard at the Fairness Hearing are required to file written comments or objections and indicate in their written comments or objections their intention to appear at the Fairness Hearing. Class members need not appear at the hearing or take any other action to indicate their approval.

20. All members of the Settlement Class who do not personally and timely request to be excluded from the Settlement Class are enjoined from proceeding against the Defendants for the claims made in the Complaint.

*Other Provisions*

21. Upon approval of the settlement provided for in this Settlement Agreement, each and every time period and provision thereof shall be deemed incorporated herein as if expressly set forth and shall have the full force and effect of an Order of this Court.

22. All reasonable costs incurred in notifying members of the Settlement Class, as well as administering the Settlement Agreement, shall be paid as set forth in the Settlement Agreement.

SO ORDERED.

Dated: April 6, 2018

_____
Hon. Stewart D. Aaron
United States Magistrate Judge

<u>EXHIBIT A</u>

United States District Court for the
Southern District Of New York

NOTICE OF PROPOSED CLASS ACTION SETTLEMENT
AND FINAL SETTLEMENT HEARING

*Accardi, et al. v. Honeywell International Inc.*

United States District Court, Southern District of New York
Case No. 16-cv-3861

# If you worked for Honeywell International Inc. on public projects in the State of New York between May 24, 2010 and March 23, 2018, you could get a payment from a class action settlement.

*A federal court authorized this notice.  This is not a solicitation from a lawyer.*

- The $700,000 settlement will provide payment to Honeywell employees who worked on public projects in the State of New York and were not paid prevailing wages for all or some of that work, between May 24, 2010 and March 23, 2018.   This group of people is called the "Class."

- This is a class action settlement, meaning that, for settlement purposes only and upon approval of the settlement, the Court will declare the case a class action with respect to the class members' claims for unpaid wages.  If the settlement is finally approved, settlement payments will be made to the class members and class counsel, and the case will be dismissed.

- The lawyers for the class will ask the Court for up to $175,000 in legal fees, plus reimbursement for approximately $30,000 in case expenses, to be paid out of the $700,000 award.

- Class members who do not exclude themselves from this settlement will receive a share of the settlement funds based on how much prevailing wages they are owed, according to both sides review of the pay records in this case, and with a $500 minimum payment.

- Your legal rights are affected whether you act or don't act.  Read this notice carefully.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **DO NOTHING** | Receive a payment.  Be bound by the Class Judgment. |
| **OBJECT** | Write to the Court about why you don't like the settlement. |
| **OPT-OUT** | Exclude yourself from the settlement.  You will receive nothing from the settlement. |
| **GO TO A HEARING** | Ask to speak in Court about the fairness of the settlement. |

- These rights and options – **and the deadlines to exercise them** – are explained in this notice.

- The Court in charge of this case still has to decide whether to approve the settlement.  Payments will be made if the Court approves the settlement.  Please be patient.

## BASIC INFORMATION

### 1. Why did you get this notice?

You have been identified someone who was employed by Honeywell International, Inc., worked on public projects, such as public schools, libraries, or prisons, and were not paid the prevailing wages required for that work under New York law.

The Court sent you this notice because you have a right to know about a proposed settlement of a class action lawsuit, and about all of your options, before the Court decides whether to approve the settlement.  If the Court approves it and after objections are heard, an administrator appointed by the Court will make the payments that the settlement allows.

The Court in charge of the case is the United States District Court for the Southern District of New York, and the case is known as *Mark Accardi, Marc Lambert, and Eric Truby v. Honeywell International Inc.*  The people who sued are called Plaintiffs, and the company they sued, Honeywell International Inc., is called the Defendant.

### 2. What is this lawsuit about?

The lawsuit claims that Honeywell failed to pay its employees the "prevailing wages" required under the New York Labor Law, Section 220, for some of the work they did on public projects in the State of New York.  Prevailing Wages are generally higher than the regular hourly wages Honeywell employees received.  Honeywell denies that it did anything wrong.

### 3. Why is this a class action?

The settlement agreement in this case asks the Court to approve the case as a class action.  The Court is asked to find that the named plaintiffs are representatives who may sue on behalf of all Class Members who have similar claims.  This allows the court to resolve the issues for all Class Members at the same time, except for those who have excluded themselves from the Class.

**4. Why is there a settlement?**

This case has been in court since 2016.  After both sides reviewed the employees' timesheets and other pay data, and Plaintiffs' attorney engaged an expert witness to calculate damages on behalf of the class, and reviewed other calculations of the wages owed made by the Defendant, both sides agreed to a settlement without any admission of liability by Honeywell.  That way, the cost, delay, and risks of a trial are avoided, and the workers affected will have the opportunity for compensation (subject to the Court's preliminary and final approval of the Settlement).  The Class Representatives and their attorneys think the settlement is best for all Class Members.

## WHO IS IN THE SETTLEMENT?

**5. How do you know if you are a class member?**

In the settlement agreement, the "Class" is defined as all persons who, at any time from May 24, 2010 to the date of this Agreement, performed work on behalf of Honeywell on public projects in the State of New York and were not paid prevailing wages for all or some of such work and who are identified in the Class Damages Table annexed hereto as Exhibit A.  You are receiving this notice because you were identified as such an employee of Honeywell International Inc.

## THE SETTLEMENT BENEFITS – WHAT YOU GET

**6. How much will your payment be?**

Your estimated share of the $700,000 settlement fund, after the payment of attorneys' fees and case expenses, settlement administration costs (capped at $15,000), payments to the three Class Representative Plaintiffs ($15,000 in total), is shown on the attachment to this notice.  It is "estimated" because it may change, depending on the final amounts of expenses, and the amount of attorney's fees approved by the Court.

**7. What does it mean if I participate?**

If you choose to participate in this Settlement or if you do nothing, you will automatically receive your Settlement Share of the class action settlement.  It also means that you will be bound by the Class Judgment in this action, which will release all claims that were raised or could have been raised on the facts alleged by Plaintiffs' Complaint.  The exact language of the Class Release can be found in the Settlement Agreement.

## HOW YOU GET A PAYMENT

**8. How can you get a payment?**

If you do nothing, you will receive a payment if the Court approves the settlement.

| **9. When would you get your payment?** |
|---|

The Court will hold a hearing on June 18, 2018 to decide whether to approve the settlement. If the judge approves the settlement, there may be appeals by objectors after that, if there are any objectors. It's always uncertain whether these appeals can be resolved, and resolving them can take time, perhaps more than a year. Please be patient.

| **10. What if I have questions about the settlement or my share?** |
|---|

If you have additional questions about the settlement or about your estimated Settlement Share, you may submit an inquiry to the Settlement Administrator or Class Counsel. See below for their contact information.

## THE LAWYERS REPRESENTING YOU

| **11. Do you have a lawyer in this case?** |
|---|

Plaintiffs have asked the Court to authorize Jason Rozger of the law firm of Beranbaum Menken LLP in New York, NY to represent you and other Class Members. These lawyers are called Class Counsel. You will not be charged for these lawyers. If you want to be represented by your own lawyer, you may hire one at your own expense.

| **12. How will the lawyers be paid?** |
|---|

Class Counsel will ask the Court to approve payment of up to $175,000 to them for attorneys' fees (25% of the total settlement amount), and payments of $5,000 to each of the three Class Representatives. The fees would pay Class Counsel for investigating the facts, litigating the case, and negotiating the settlement. The Court may award less than these amounts. Funds from the settlement fund will also pay for the expenses of the case, estimated to be approximately $30,000, the costs of administering the settlement, estimated to be approximately $15,000.

## OBJECTING TO THE SETTLEMENT

You can tell the Court that you don't agree with the settlement or some part of it.

### 13. How do you tell the Court that you don't like the settlement?

You can ask the Court to deny approval by filing an objection. You can't ask the Court to order a larger settlement; the Court can only approve or deny the settlement. If the Court denies approval, no settlement payments will be sent out and the lawsuit will continue. If that is what you want to happen, you must object.

You may object to the proposed settlement in writing, giving reasons why you think the Court should not approve the settlement. You may also appear at the Final Approval Hearing, either in person or through your own attorney. If you appear through your own attorney, you are responsible for paying that attorney. All written objections and supporting papers must (a) clearly identify the case name and number (*Accardi v. Honeywell International Inc.,* Case Number 16-CV-3861, (b) include your name, address and telephone number, and (c) be mailed to the Settlement Administrator at _____, postmarked by _____, 2018.

## REQUESTING EXCLUSION FROM THE SETTLEMENT

### 14. How do you exclude yourself from the settlement?

If you want to be excluded from the Settlement (also referred to as "opt-out"), you must mail a letter to the Settlement Administrator to request to "opt out." Your "opt-out" request letter can be as simple as "*I do not want to be a part of the settlement in Accardi v. Honeywell International Inc.,* Case Number 16-CV-3861. " To be considered complete and timely, your "opt-out" request letter <u>must include</u> your full name, address, last four digits of your Social Security number (for identity verification purposes only), signature, and be mailed by First Class U.S. Mail to the Settlement Administrator, postmarked on or before [**DATE**]. If you file a timely and valid "opt-out" request, you will no longer be a member of the Class, and you will **not receive** any money from the Settlement, or be able to object to the Settlement. However, if you do timely "opt out," you will not be bound by the terms of the Settlement and may pursue any claims you may have against the Defendant, at your own expense.

### 15. What is the difference between objecting and excluding myself from the settlement?

Objecting means telling the Court what you don't like about the settlement. You can object only if you stay in the Class. Excluding yourself from the Class is telling the Court that you don't want to be a part of the Class. If you exclude yourself, you have no basis to object because the case no longer affects you.

## THE COURT'S FAIRNESS HEARING

The Court will hold a hearing to decide whether to approve the Settlement. You may attend and you may ask to speak, but you don't have to.

**16. When and where will the Court decide whether to approve the settlement?**

The Court will hold a Fairness Hearing on Monday, June 18, 2018 at 10:00 a.m. at the United States District Court for the Southern District of New York, 500 Pearl Street, New York, New York in Courtroom 11C.  The Judge assigned to the case is Magistrate Judge Stewart D. Aaron.  At this hearing the Court will consider whether the settlement is fair, reasonable, and adequate.  If there are objections, the Court will consider them.  Judge      will listen to people who have asked to speak at the hearing.  The Court may also decide how much to pay Class Counsel.  After the hearing, the Court will decide whether to approve the settlement.  We do not know how long these decisions will take.  The Final Approval hearing may be continued without further notice. Any updates to the Final Approval hearing date will be available at: www._____.com and the Court's PACER site.

**17. Do you have to come to the hearing?**

No.  Class Counsel will answer questions the judge may have.  But, you are welcome to come at your own expense.  If you send a written objection, you don't have to come to Court to talk about it.  As long as you filed your written objection on time with the Court, as listed above in question 13, the Court will consider it.  You may also pay your own lawyer to attend, but it's not necessary.

**18. May you speak at the hearing?**

You may appear at the Final Approval Hearing, either in person or through your own attorney.  If you appear through your own attorney, you are responsible for paying that attorney.

## IF YOU DO NOTHING

**19. What happens if you do nothing at all?**

If you do nothing, you will receive a payment if the Court approves the settlement.

## INFORMATION CORRECTION

**20. What if my Notice form contains incorrect address information for me?**

Included with this Notice is an Estimated Share Form that contains the most current address information for you.  If the information on the form is incorrect, please correct it and mail it to the settlement administrator:  Settlement Services, Inc., P.O. Box 1567, Tallahassee, FL 32302-1567

## GETTING MORE INFORMATION

**21. Are there more details about the settlement?**

This notice summarizes the proposed settlement.  For the precise terms and conditions of the settlement, please see the settlement agreement available at [insert website], by contacting class counsel (see below), by accessing the Court docket in this case through the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.cand.uscourts.gov, or by visiting the office of the Clerk of the Court for the United States District Court for the Southern District of New York, 500 Pearl Street, New York, New York, between 9:00 a.m. and 4:00 p.m., Monday through Friday, excluding Court holidays.

All inquiries by Class Members regarding this Notice and/or the Settlement should be directed to the Settlement Administrator or Class Counsel.  You can reach the Settlement Administrator at:

Settlement Services, Inc.
P.O. Box 1567
Tallahassee, FL  32302-1567
855-820-4140 (toll free)

You can also reach Class Counsel at:

Jason Rozger
John Beranbaum
BERANBAUM MENKEN LLP
80 Pine Street, 33rd Floor
New York, NY  10005
Tel:  (212) 509-1616
Fax:  (212) 509-8088
jrozger@nyemployeelaw.com
jberanbaum@nyemployeelaw.com

**PLEASE DO NOT CONTACT THE COURT, THE JUDGE, OR THE DEFENDANT TO INQUIRE ABOUT THIS SETTLEMENT OR THE OPT-OUT PROCESS.**

Date:  _____, 2018